IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:22-cv-00189-MR

| | |
|---|---|
| EDDRICCO L. BROWN-BEY,[1] ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| STATE OF NORTH CAROLINA ) | **ORDER** |
| DIVISION OF ADULT CORRECTIONS, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of the pro se Complaint [Doc. 1] and on the Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 2].

**I.     BACKGROUND**

The pro se Plaintiff is presently incarcerated on state habitual felon and drug charges at the Bertie Correctional Institution.[2] On March 21, 2022, the Plaintiff filed this civil action pursuant to 42 U.S.C. § 1983 and the "5th 8th 9th

---

[1] Also known as Eddricco Lishaun Brown.

[2] This information was gleaned from NCDPS's website. See https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0700738&searchOffenderId=0700738&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1 (last accessed April 28, 2022); Fed. R. Evid. 201.

10th Articles (Amendments) to the U.S. (Republic) Constitution Bill of Rights of (1791) and the 11th Articles (Amendment) to the U.S. Constitution (Republic) of (1789), Article 1, Section 9, clauses 3 and 10, 'Ex Post Facto Clause,' Article 11th (Amendment) of (1798) to the Bill of Rights, Title 18 Section 241-242, Federal Rule of Civil Procedure 9(b), Title 18 Section 1203, Title 18 Section 112(2), the United Nations Declaration on the Rights of Indigenous Peoples Article(s) 1, 2, 3, 4, 6, (71-2), 9th, 37(1) and 40, the Universal Declaration of Human Rights Articles 1, 3, 5, and 15(1), the Treaty of Peace and Friendship of 1936 between Morocco and the United States Articles 20 and 21, 42 U.S.C.A. § 1985, and 22 U.S.C.A. chapter 2 Section 141-145 of Foreign Relations." [Doc. 1 at 3].[3]

The Plaintiff names as Defendants: the State of North Carolina Division of Adult Corrections; Gaston County Superior Court; David Franceschelli a Gaston County prosecutor; and the Honorable Jesse B. Caldwell III. He asserts that he is an "Aborigine Cherokee Moorish-American" and that his present incarceration constitutes "hostage taking," "denationalization," and "psychological slavery," resulting in "post-traumatic slave disorder." [Id. at 16]. He seeks $50 million in compensatory damages, $20 million in punitive

---

[3] Houston v. Lack, 487 U.S. 266 (1988) (establishing the prisoner mailbox rule); see Lewis v. Richmond City Police Dep't, 947 F.2d 733 (4th Cir. 1991) (applying prisoner mailbox rule to § 1983 case).

damages, and injunctive relief, i.e., to be recognized as "Aborigine Cherokee Moorish-American," and his immediate release from NCDPS's custody. [Id. at 16].

## II. DISCUSSION

The Prison Litigation Reform Act's (PLRA) three-strikes rule "generally prevents a prisoner from bringing suit in forma pauperis (IFP) – that is, without first paying the filing fee – if he has had three or more prior suits 'dismissed on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim on which relief may be granted.'" Lomax v. Ortiz-Marquez, 140 S.Ct. 1721, 1723 (2020) (quoting 28 U.S.C. § 1915(g)). Any of the enumerated types of dismissals counts as a strike, "whether [the dismissals are] with prejudice or without." Id. To avoid application of the three-strikes bar, a prisoner must demonstrate that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The requisite imminent danger must address a danger that is "close at hand, not a past infraction," and "must have some nexus or relation to those of the underlying complaint." Meyers v. Comm'nr of Soc. Sec. Admin., 801 F. App'x 90, 96 (4th Cir. 2020). "Vague, speculative, or conclusory allegations are insufficient to invoke the exception of § 1915(g); rather, the inmate must make 'specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the

3

likelihood of imminent serious physical injury.'" Johnson v. Warner, 200 F. App'x 270, 272 (4th Cir. 2006) (quoting Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003)).

The Plaintiff has filed at least three prior civil actions that count as strikes under § 1915(g): Brown-Bey v. North Carolina, 5:17-ct-3253-D, 2019 WL 165697 (E.D.N.C. Jan. 9, 2019) (§ 1983 action dismissed for failure to state a claim); Brown-Bey v. Hooks, 3:18-cv-460-FDW, 2018 WL 4620617 (W.D.N.C. Sept. 26, 2018) (§ 1983 action dismissed as frivolous); Brown-Bey v. Hooks, 1:18-cv-15-FDW, 2018 WL 576309 (W.D.N.C. Jan. 26, 2018) (same); see also Brown-Bey v. North Carolina, 3:19-cv-188-FDW, 2019 WL 6717045 (W.D.N.C. Dec. 10, 2019) (§ 1983 action dismissed pursuant to § 1915(g)); Brown-Bey v. N.C. Dep't of Health and Human Servs., 3:21-cv-413-MR, 2021 WL 5043987 (W.D.N.C. Oct. 29, 2021) (same); Brown-Bey v. North Carolina, 1:22-cv-00027-MR, 2022 WL 902746 (W.D.N.C. March 28, 2022) (same); Brown-Bey v. Mecklenburg Cnty. Health Dep't, 3:22-cv-00142-MR, 2022 WL1081885 (W.D.N.C. April 11, 2022) (same).

The Plaintiff's claims relate to his present incarceration on a 2016 conviction. He has not attempted to satisfy § 1915(g)'s imminent danger exception.

The Plaintiff has filed at least three prior civil actions that count as strikes; he has not prepaid the filing fee; and he has failed to demonstrate that he is in imminent danger of physical harm. Therefore, he may not proceed in forma pauperis pursuant to § 1915(g), and the Court will dismiss the Complaint without prejudice.[4] The Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 2] is denied.

## III. CONCLUSION

In sum, the Complaint will be dismissed as barred by the three-strikes provision of 28 U.S.C. § 1915(g). Accordingly, the Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs is denied and this case will be closed.

**IT IS, THEREFORE, ORDERED** that:

(1) The Plaintiff's Complaint [Doc. 1] is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g).

(2) The Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 2] is **DENIED**.

The Clerk of Court is instructed to add this case to the Plaintiff's Filer Status Report in CM-ECF, and close this case.

---

[4] Even if the Compliant were not barred by the three-strikes provision of § 1915(g), the Court would dismiss it because it is frivolous and, on the face of the Complaint, it appears to be barred by the three-year statute of limitations.

**IT IS SO ORDERED.**

Signed: May 5, 2022

Martin Reidinger
Chief United States District Judge